Citation Nr: 1450466 
Decision Date: 11/14/14 Archive Date: 11/26/14

DOCKET NO. 10-08 418 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for an acquired psychiatric disability to include posttraumatic stress disorder (PSTD).

2. Entitlement to an increased rating in excess of 20 percent for bilateral hearing loss.


REPRESENTATION

Veteran represented by: Paul Bradley, Agent


ATTORNEY FOR THE BOARD

J. Acosta, Associate Counsel



INTRODUCTION

The Veteran served on active duty from August 1966 to May 1969.

This matter comes before the Board of Veterans' Appeals (Board) on appeal of a December 2007 and April 2012 rating decisions of the St. Petersburg, Florida Regional Office (RO) of the Department of Veterans Affairs (VA). 

The Veteran filed a claim for TDIU in August 2013 which has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Veteran is seeking service connection for an acquired psychiatric disability, to include posttraumatic stress disorder (PTSD). He has been diagnosed with PTSD by a number of private medical professionals, but their opinions have failed to explain how he meets the criteria for PTSD and have not adequately related the diagnosis to a confirmed in-service stressor.

Currently, the Veteran has two confirmed stressors: an attack on the base he was stationed at while serving in Vietnam, and the death of soldier he was supervising on guard duty. 

The Veteran was provided with a series of VA examinations in November 2007, October 2008 and in December 2009, by a single VA examiner, but the examiner consistently concluded that the Veteran did not meet the criteria for PTSD. The examiner found that the Veteran frequently exaggerated or over-reported symptoms. However, the examiner also found no support for the Veteran's assertion that he worked as a linguist while stationed in Vietnam. It is noted that the Veteran's DD-214 lists the Veteran's MOS as 71H3L39. 71H is indicative of a personnel specialist and the L in this designation does likely stand for Linguist.

Moreover, no opinion has been provided by a VA psychiatrist or psychologist as to whether the Veteran's PTSD was related to fear of hostile military or terrorist activity pursuant to 38 C.F.R. 3.304(f)(3).

As such, an additional opinion is necessary.

Additionally, the Board must remand the Veteran's claim seeking an increased rating for bilateral hearing loss for the issuance of a statement of the case (SOC). Manlincon v. West, 12 Vet. App. 238, 240-41 (1999) (vacating a Board decision and remanding a matter where VA failed to issue a Statement of the Case after the appellant filed a timely Notice of Disagreement (NOD)). The April 2012 rating decision was followed by an August 2012 correspondence which the Board has interpreted this as a NOD.

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a VA psychiatric examination with a VA psychiatrist or psychologist (or one VA has contracted with) other than the examiner who conducted the VA examinations in November 2007, October 2008 and in December 2009. The examiner should:

a) Determine the appropriate Axis I psychiatric diagnosis for the Veteran.

b) If the Veteran is found to meet the criteria for PTSD, the examiner should determine whether the PTSD is related to a corroborated in-service stressor (an attack on the base the Veteran was stationed at or the death of a soldier he was supervising on guard duty) or is the result of fear of hostile military or terrorist activity.

"Fear of hostile military or terrorist activity" means the Veteran's experience of, witness of, or confrontation with an event or circumstance that involved actual or threatened death or serious injury, or a threat to the physical integrity of the Veteran or others, such as from an actual or potential improvised explosive device; vehicle-imbedded explosive device; incoming artillery, rocket, or mortar fire; grenade; small arms fire, including suspected sniper fire; or attack upon friendly military aircraft, and the Veteran's response to the event or circumstance involved a psychological or psycho-physiological state of fear, helplessness, or horror.
 
c) If PTSD is not found to be an appropriate diagnosis, the examiner should provide a full explanation, addressing the multiple private medical opinions which have diagnosed PTSD.

d) If an acquired psychiatric disability, other than PTSD, is diagnosed, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent or greater) that such a disability either began during or was otherwise caused by the Veteran's military service.

A complete rationale should be provided for any opinion expressed. 

3. Adjudicate the issue of entitlement to a rating in excess of 20 percent for bilateral hearing loss; if the benefits sought cannot be granted, issue a statement of the case in accordance with applicable law and regulations. The Veteran and his representative should be informed of the period of time within which he must file a substantive appeal to perfect his appeal to the Board concerning this issue. If a timely substantive appeal is not filed, the claim should not be certified to the Board. If so, subject to current appellate procedures, the case should be returned to the Board for further appellate consideration, if appropriate. 

4. Then readjudicate the appeal. If the claims remain denied, provide the Veteran and his representative with a supplemental statement of the case and allow an appropriate time for response. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112.

_________________________________________________
MATTHEW W. BLACKWELDER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).